Judgment reversed, new trial ordered, with costs to abide the event.

BISCHOFF and PRYOR, JJ., concur.

Judgment reversed and new trial ordered.

---

MOONEY *v.* NEW YORK ELEVATED RAILROAD CO.

APPEAL from a judgment of this court entered upon the report of a referee. The action was to restrain the operation and maintenance of a branch of the elevated railroad running in front of plaintiff's premises, No. 310 East Thirty-fourth street, between First and Second avenues in the city of New

York, and for damages. The judgment granted the relief prayed for, unless the defendant within ninety days paid plaintiff $2,500 assessed as damages to the fee value of the property caused by the railroad. Damages in $1,756 was also allowed for loss of rents from October 20, 1882, to March 10, 1892.

*J. Aspinwall Hodge, Jr.*, for plaintiff (respondent).

*R. L. Maynard*, for defendant (appellant).

DALY, Ch. J. The judgment will have to be reversed for error in the refusal of the referee to find, as facts, that the easements pertaining to the plaintiff's land, taken for the uses of the railroad, aside from any damage to the land from the said taking, have in themselves only a nominal value. *Bookman* v. *N. Y. El. R. R. Co.*, 33 N. E. Rep. 333; *Sutro* v. *Met. El. Ry. Co.*, Id. 334. The exception to this finding has been discussed in the cases of Cook and Kahn against the same defendants, *ante*, pages 248 and 611.

The observations which we have made in the *Kahn* case, above referred to, apply equally to the case before us so far as the questions of fact are concerned. The plaintiff here furnished evidence of the rentals obtained from the property before and after the construction and operation of the defendant's road. While the testimony as to prior rentals does not fix with certainty the year in which those rentals were received, still there was a basis for a competent conclusion that the plaintiff had been actually damaged by a diminution of rentals traceable to the elevated railroad, and by a loss of fee value as indicated by the depreciation of rents, and that the railroad had not been of the slightest benefit to her property. The estimates which the referee placed upon damages to the fee value and to the rental value, were by no means extravagant, and appear to be justified by the evidence. But for the error pointed out, a new trial must be granted.

Judgment reversed, new trial ordered, with costs to abide the event.

BISCHOFF and PRYOR, JJ., concur.

Judgment reversed and new trial ordered.